|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN TERWILLEGER,

           Plaintiff,

   v.

GRAYS HARBOR COUNTY,

           Defendant.

CASE NO. 3:19-cv-05218-RBL-JRC

ORDER DENYING MOTION TO APPOINT COUNSEL AND TO PROCEED *IN FORMA PAUPERIS*

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court are plaintiff's motions to appoint counsel and for leave to proceed *in forma pauperis*. Dkts. 12, 13.

Plaintiff has five cases pending before this Court, including four cases against Grays Harbor County that include claims under 42 U.S.C. § 1983. *See* 3:19-cv-05215-RBL-JRC, 3:19-cv-05216-RBL-JRC, 3:19-cv-5218-RBL-JRC, 3:19-cv-05219-RBl-JRC; *see also Terwilleger v. DSHS*, 3:19-cv-05085-RBL-JRC. In this matter, plaintiff alleges that when he was in custody in

1  Grays Harbor County Jail, scalding hot shower water burned him, which he claims violated the

2  Eighth and Fourteenth Amendments and Article I, section 14 of the Washington Constitution and

3  also constituted negligence. *See* Dkt. 1-1, at 3.

4  Grays Harbor County has moved to consolidate all four cases brought against it under

5  one cause number. *See* Dkt. 14. In all four cases against Grays Harbor County, plaintiff has

6  filed identical requests to have counsel appointed and to proceed *in forma pauperis*. *See* Dkts.

7  11, 12, 3:19-cv-05215-RBL-JRC; Dkts. 11, 12, 3:19-cv-05216-RBL-JRC, Dkts. 12, 13, 3:19-cv-

8  5218-RBL-JRC; Dkts. 9, 10, 3:19-cv-05219-RBl-JRC. In two of these cases, plaintiff has also

9  requested to amend his complaint to remove his federal claims and to have the matter remanded

10 to state court. *See* Dkt. 10, 3:19-cv-05215; Dkt. 8, 3:19-cv-05218.

11 Because defendant was required to pay the filing fee when it removed this matter,

12 plaintiff's request to proceed *in forma pauperis* is, at this time, moot. *See* LCR 3(b); *see also*

13 Dkt. 1. Plaintiff's request is denied without prejudice.

14 Regarding plaintiff's request for the appointment of counsel in this matter, although there

15 is no constitutional right to appointed counsel in a § 1983 civil action, this Court may "request an

16 attorney to represent any person unable to afford counsel." *See Storseth v. Spellman*, 654 F.2d

17 1349, 1353 (9th Cir. 1995); 28 U.S.C. § 1915(e)(1). This Court will exercise its discretion to

18 appoint counsel only in exceptional circumstances. *Agyeman v. Corrections Corp. of Am.*, 390

19 F.3d 1101, 1103 (9th Cir. 2004). "A finding of . . . exceptional circumstances . . . requires at

20 least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of

21 the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues

22 involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

23

24

1       Plaintiff's complaint shows that he is able to adequately articulate his claims in light of
2 the complexity of the legal issues involved. *See* Dkt. 1-1. His claims are not overly or unusually
3 complex. Plaintiff has also demonstrated that he can adequately articulate other claims such as
4 his requests to amend his complaint to remove his federal claims so that the matter may be
5 remanded to state court. *See* Dkt. 8. Moreover, at this early stage, the Court is unable to find
6 that plaintiff is likely to succeed on the merits of his claims. Thus the Court concludes that at
7 this point, appointment of counsel is not justified.

8       Therefore, plaintiff's motion for appointment of counsel (Dkt. 13) and motion to
9 proceed *in forma pauperis* (Dkt. 12) are **DENIED WITHOUT PREJUDICE**. In view of the
10 pending consolidation and remand motions, the Court will not consider further motions filed in
11 this matter until it has received the parties' responses regarding consolidation and remand and
12 those issues have been decided.

13       Dated this 23rd day of April, 2019.

J. Richard Creatura
United States Magistrate Judge